UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

THEODORE J. HELLMAN, individually )
and on behalf of others similarly situated, )
                                            )
            Plaintiff,                      )
                                            )
      v.                                    )   Case No. 4:12CV02177 AGF
                                            )
RENATO CATALDO, et al.,                     )
                                            )
            Defendants.                     )

### MEMORANDUM AND ORDER

Plaintiff Theodore J. Hellman brings this employer "stock-drop" case under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001, *et seq*, as a putative class action against Defendants Renato Cataldo, James J. Abel, Dale E. Heins, Rose O'Brien, Jane Nelson, and Karen Staten, fiduciaries of the CPI Corp. ("CPI").[1] Plaintiff asserts claims under ERISA Sections 409 and 502(a)(2) and (a)(3), 29 U.S.C. §§ 1109 and 1132(a)(2)-(3), respectively. (Doc. No. 23. ¶¶ 1, 5, 150, 175.)  Now before the Court is Defendants' motion to strike Plaintiff's demand for a jury trial.  For the reasons set forth below, Defendants' motion to strike the jury demand is denied.

**Background**

In the Amended Complaint (Doc. No. 23), Plaintiff asserts that the Defendants should not have allowed Plaintiff and other similarly situated participants in CPI's 401(k) plan, the CPI Corp. Employees Profit Sharing Plan and Trust (the "Plan") to invest their

---

[1] Plaintiff also asserted claims against CPI, but those claims were dismissed after CPI declared bankruptcy.

employer matching contributions in CPI common stock because it was an "imprudent" investment.

The Plan is an "employee pension benefit plan" within the meaning of ERISA § 3(2)(A), 29 U.S.C. § 1002(2)(A).  Plaintiff, an employee of CPI and a participant in the Plan, proceeding individually and on behalf of all others similarly situated, alleges that Defendants as "fiduciaries" of the Plan breached their duties of prudence and loyalty[2] in violation of ERISA §§ 404(a) and 405, 29 U.S.C. §§ 1104(a) and 1105.  Section 502(a)(2) enables a plan participant to bring a civil action against plan fiduciaries for "appropriate relief" under ERISA Section 409.  29 U.S.C. § 1132(a)(2).  Section 409 in turn provides that a breaching fiduciary "shall be personally liable to make good to such plan any losses to the plan resulting from each such breach, . . . and shall be subject to such other equitable or remedial relief as the court may deem appropriate[.]"  29 U.S.C. § 1109(a).  In addition, Section 502(a)(3) authorizes a participant to sue in order "to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan," or "to obtain other appropriate equitable relief."  29 U.S.C. § 1132(a)(3).

Plaintiff alleges that Defendants, having individual responsibilities regarding the management and investment of the Plan's assets, breached their fiduciary duties to Plaintiff, the Plan, and the putative class by failing to prudently and loyally manage the

---

[2]  Plaintiff alleges that all Defendants are liable for their co-fiduciaries' breaches because they (i) knew of the other fiduciary's breaches and failed to remedy them, (ii) knowingly participated in a breach, and/or (iii) enabled the fiduciary breach through their own actions/inactions.

Plan's investment in CPI common stock.  In particular Plaintiff asserts that Defendants breached their fiduciary duties: "(a) by failing to act to protect the Plan and its participants despite knowledge of the CPI's dire financial condition; (b) by continuing to offer CPI common stock as an investment option under the Plan when it was imprudent to do so; and (c) by maintaining the Plan's pre-existing heavy investment in CPI stock when it was no longer a prudent investment for the Plan."  Doc. No. 23 at ¶¶ 1, 5, 150, 175.

In the prayer for relief Plaintiff seeks an order compelling Defendants to make the Plan whole for all losses resulting from Defendants' breach of their fiduciary duties and imprudent investment of the Plan's assets.  *See* Doc. No. 23, at 42-43.  Plaintiff also requests an order requiring Defendants to restore to the Plan all profits that the participants would have made if Defendants had not breached their fiduciary obligations, and for the imposition of a constructive trust to the extent of Defendants' unjust enrichment resulting from the breach of their fiduciary duties.  Plaintiff requests that any recovery be allocated among the participants' individual accounts in proportion to the participants' losses.  Plaintiff seeks an award of attorney's fees and costs pursuant to 29 U.S.C. § 1132(g), an order of equitable restitution and "all other appropriate equitable and/or monetary relief."  *Id.*

**Applicable Law**

A motion to strike a jury demand is properly made pursuant to Federal Rule of Civil Procedure Rule 39, which provides:

> [w]hen a jury trial has been demanded under Rule 38 . . . trial on all issues so demanded must be by jury unless:  . . . (2) the court, on motion or on its own, finds that on some or all of those issues there is no federal right to a jury trial.

Fed. R. Civ. P. Rule 39.

The Seventh Amendment[3] to the United States Constitution codifies the right to jury trial in federal court.  U.S. Const. amend. VII; *see also* Fed. R. Civ. P. 38(a).  The Seventh Amendment applies only to lawsuits in which legal rights are adjudicated, and not to actions in which only equitable rights and remedies are decided.  *See Chauffeurs, Teamsters & Helpers, Local No. 391 v. Terry*, 494 U.S. 558, 564 (1990); *Granfinanciera v. Nordberg*, 492 U.S. 33, 41 (1989).  To determine whether a particular action will resolve legal rights and provide a right to jury trial or, conversely, will resolve only equitable rights and fall outside the Seventh Amendment's purview, courts apply a two-pronged test outlined in *Granfinanciera*.  *See Granfinanciera*, 492 U.S. at 42.

When applying that test in a statutory action, a court first compares the statutory claim to analogous 18th-century actions brought in the courts of England prior to the merger of the courts of law and equity.  *See id.*  The court then determines whether the remedy sought is legal or equitable in nature by "examin[ing] both the nature of the issues involved and the remedy sought."  *Terry*, 494 U.S. at 564 (internal quotations omitted).  This second inquiry is the more important component of the analysis.  *See id.*

---

[3] The Seventh Amendment provides that "[i]n Suits at Common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved." U.S. Const. amend. VII.  The right to a jury trial is to be "carefully preserved," where legal rights are at issue. *Chauffeurs, Teamsters, & Helpers Local No. 391 v. Terry*, 494 U.S. 558, 565 (1990).

- 4 -

(citing *Granfinanciera*, 492 U.S. at 42); *see also United Mine Workers of Am.* v. *Am. Commercial Lines Transp. Serv., L.L.C.,* No. 4:08-CV-1777, 2010 WL 2245084, at *4 (E.D. Mo. Jun. 2, 2010).

Although not directly addressing the right to a jury trial, the Supreme Court's decision in *Great-West Life & Annuity Insurance Co. v. Knudson*, 534 U.S. 204 (2002), provides guidance with respect to the second portion of this inquiry. In *Great-West,* a health and welfare plan sued a beneficiary seeking injunctive and declaratory relief under ERISA § 1132(a)(3) to enforce the plan's reimbursement provision. *Id.* at 207. The provision required a beneficiary to reimburse the plan if she recovered any money from a third party in an action related to covered expenses. *Id.* The plan had covered the beneficiary's medical expenses when she was injured in a car accident. *Id.* Thereafter, she sued the driver of the car in tort, and recovered a sum of money through a settlement agreement. *Id.*

The Supreme Court held that the relief sought was not available under 29 U.S.C. § 1132(a)(3) because the relief sought was legal rather than equitable. *Id.* at 221. The Supreme Court reasoned that because Great-West sought to impose personal liability on the beneficiary for a contractual obligation to pay money, the claim was inherently a legal one. *Id.* at 221. A plaintiff seeking a "judgment imposing a merely personal liability upon the defendant to pay a sum of money" in return for "some benefit that defendant had received from him" seeks restitution at law, not in equity. *Id.* at 213.

By contrast, the Supreme Court noted that equitable restitution ordinarily takes "the form of a constructive trust or an equitable lien, where money or property identified

- 5 -

as belonging in good conscience to the plaintiff can clearly be traced to particular funds or property in the defendant's possession." *Id.* (citations omitted).  Therefore, "for restitution to lie in equity, the action generally must seek not to impose on the defendant personal liability in the form of money damages, but to restore to the plaintiff particular funds or property in the defendant's possession." *Id.*

## Discussion

Plaintiff "demands a jury on all issues so triable."  Defendants move, pursuant to Fed. R. Civ. P. 12(f), to strike the jury demand asserting that the ERISA claims are equitable in nature, and that settled Eighth Circuit law does not permit a jury trial on such claims.

In support of their position that binding Eighth Circuit precedent prohibits a jury trial here, Defendants cite to *In re Vorpahl*, 695 F.2d 318, 320–322 (8th Cir. 1982) (finding no right to jury trial in action brought under § 1132(a)(1)(B) and § 1132(a)(3)), *Langlie v. Onan Corp.*, 192 F.3d 1137, 1141 (8th Cir. 1999) (stating that "there is no right to a jury trial under ERISA"), and more recent cases from district courts in the Eighth Circuit.

Defendants correctly state that there is no right to a jury trial in a typical ERISA action between a plan and a plan beneficiary.  *See Houghton v. SIPCO, Inc.*, 38 F.3d 953 (8th Cir. 1994).  There is, however, no Eighth Circuit precedent squarely addressing the issue presented in this case:  whether the Seventh Amendment affords a plaintiff the right to a jury trial where a beneficiary alleges violation of fiduciary duties and seeks restitution or money damages from the fiduciaries under §1132(a)(3).  District courts

within the Eighth Circuit have reached different results. *Compare Kirse v. McCullough*, No. 04-1067-CV-W-SOW, 2005 WL 6797091, at *1-3 (W.D. Mo. May 12, 2005 (holding that employees who asserted a breach of fiduciary duty claim under ERISA § 502(a)(2) were entitled to a jury trial) *and Utilicorp United Inc. v. Kemper Fin. Servs., Inc.*, 741 F. Supp. 1363, 1367 (W.D. Mo. 1989) (holding that employer who asserted a breach of fiduciary duty claim under ERISA § 502(a)(2) against the investment manager for failing to timely liquidate assets as instructed was entitled to a jury trial), *with Kahnke v. Herter*, 579 F.Supp. 1523, 1528 (D. Minn. 1984) (holding that "there is no [S]eventh [A]mendment right to a jury trial in ERISA actions brought under § 502(a)(2)"). Thus, the Court concludes that there is no binding precedent directing either the grant or denial of a jury trial under 29 U.S.C. § 1132(a)(2).

Plaintiff next asserts that the Supreme Court's decision in *Great-West*, compels the conclusion that the primary relief Plaintiff seeks is legal in nature, thereby entitling him to a jury trial. *See Minnesota Power and Affiliated Companies Retirement Plan A v. Capital Guardian Trust Co.,* Civil No. 07-3866 ADM/RLE, 2008 WL 2891057 at*4-5 (D. Minn. Sept. 15, 2008) ("Minnesota Power").

The Court turns to the *Granfinanciera* test to resolve the issue. In this case Plaintiff seeks actual damages for breach of fiduciary duty. Plaintiff also seeks declaratory relief, recovery of lost profits and the imposition of a constructive trust on funds in Defendants' possession.

Comparing the present ERISA claim to analogous 18th-century actions, the Court notes that claims for breach of fiduciary duty were traditionally within the jurisdiction of

courts of equity.  *See e.g.*, *Mertens v. Hewett Associates*, 508 U.S. 248, 256 (1993) (noting that "at common law, the courts of equity had exclusive jurisdiction over virtually all actions by beneficiaries for breach of trust"); *Terry*, 494 U.S. at 567 (concluding that actions for breach of fiduciary duty "were within the exclusive jurisdiction of courts of equity").  Therefore, the first prong of the *Granfinanciera* test weighs against Plaintiff's right to a jury trial in this case.  *Kirse*, 2005 WL 6797091, at *1-3 ("recogniz[ing] that . . . fiduciary duties draw much of their content from the common law of trusts, the law that governed most benefit plans before ERISA's enactment").

With respect to the second and weightier prong of the *Granfinanciera* test, the Court notes that Plaintiff seeks "compensation for loss resulting from Defendants' breach of legal duty."  *Great-West Life*, 534 U.S. at 213.  A plaintiff seeking a "judgment imposing a merely personal liability upon the defendant to pay a sum of money" in return for "some benefit that defendant had received from him" seeks restitution at law, not in equity.  *Id*. at 213.  This is not a case where money or property identified as belonging in good conscience to the plaintiff can clearly be traced to particular funds or property in the defendant's possession."  *Id*. (citations omitted); *see also Minnesota Power*, 2008 WL 2891057 at *4-5.  In the main, Plaintiff is not requesting that Defendants restore to the Plan "particular funds" now in the Defendants' possession.  Rather, Plaintiff seeks to hold Defendants personally liable for money damages as compensation for losses to the Plan.  *See Kirse*, 2005 WL 6797091, at *1-3; *but see White v. Martin*, No. Civ. 99–1447, 2002 WL 598432, at *4 (D. Minn. Apr. 12, 2002) (holding that there is no right to jury trial under § 1132(a)(2) where the plan sues a fiduciary for breach of duty in liquidating

plan assets).

The question does not hinge upon the fact that Plaintiff seeks monetary relief. *See In re Vorpahl*, 695 F.2d at 322 (stating that "[t]he mere fact that petitioners pray for monetary relief in part does not mandate that this action be characterized as legal rather than equitable. . . . Rather, because any monetary relief turns on a determination of entitlement to benefits, we consider such relief to be an integral part of an equitable action."). Monetary relief that turns on a determination of entitlement to benefits is equitable relief. *Id.* Here, however, recovery turns on the question of breach of fiduciary duty, not entitlement to benefits.

Thus, the second, more important, prong of the test weighs in favor of a jury trial because Plaintiff seeks damages from Defendants as restitution for losses to the Plan and ultimately to their retirement benefits flowing from the drop in stock price. For this reason the Court concludes under the reasoning of *Great-West* that the relief sought is not equitable, but a claim for restitution at law entitling Plaintiff to a jury trial on his ERISA claim imposing personal liability for breach of fiduciary duty under 29 U.S.C. § 1132(a)(2). *See Minnesota Power,* 2008 WL 2891057 at*4-5.

While it is true that Plaintiff also seeks certain equitable remedies pursuant to 29 U.S.C. § 1132(a)(3), the request for these remedies does not affect this Court's determination that Plaintiff is entitled to a jury trial. "[W]here equitable and legal claims are joined in the same action, there is a right to jury trial on the legal claims which must not be infringed." *Ross v. Bernhard*, 396 U.S. 531, 537-38 (1970); *see also Smith Flooring, Inc. v. Pennsylvania Lumbermen's Mut. Ins. Co.*, 713 F.3d 933, 937 (8th Cir.

2013).  "'[T]he normal practice is to try both claims to a jury.  In this way, the jury's verdict will conclusively settle these common issues, and only issues peculiar to the equitable claim will be left to be decided by the judge.'"  *Smith Flooring,* 713 F.3d at 937 (quoting *Brownlee v. Yellow Freight Sys., Inc.*, 921 F.2d 745, 749 (8th Cir.1990) (citations omitted)).

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' motion to strike Plaintiff's jury demand is **DENIED**.  (Doc. No. 28.)

*/s/ Audrey G. Fleissig*
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 20th day of August, 2013.